## 33934. BREEDLOVE v. AIKEN.

DECIDED FEBRUARY 28, 1952—REHEARING DENIED MARCH 19, 1952.

Barrett & Hayes, A. Tate Conyers, for plaintiff.

G. Seals Aiken, James A. Branch, Thomas B. Branch Jr., for defendant.

WORRILL, J. (After stating the foregoing facts.) The sole question presented for determination is, whether or not the plaintiff's alleged cause of action is barred by the statute of limitations, which for injuries to the person is two years. Code, § 3-1004. The alleged claim arising out of the tonsillectomy is barred, since the claim arose on January 20, 1949, and the action was not brought until January 20, 1951, two years and one day thereafter. However, the petition alleges that the defendant did not inform the plaintiff of the two operations performed on January 14, 1949, until January 28, 1949. "Concealment per se amounts to actual fraud where for any reason one party has a right to expect full communication of the facts from another." Poullain v. Poullain, 76 Ga. 420, 421 (5a); Morris v. Johnstone, 172 Ga. 598, 605 (158 S. E. 308). "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud." Code, § 3-807. Where there is, as here, a confidential relationship between physician and patient,

and where the physician in performing an authorized operation goes beyond the contract and performs another operation, and where the patient does not know that the physician exceeded the contract, the concealment of the facts constitutes actual fraud and tolls the statute of limitations. *Tabor* v. *Clifton,* 63 *Ga. App.* 768, 771 (12 S. E. 2d, 137). The statute does not begin to run until the discovery of the fraud ' (*Stocks* v. *Leonard,* 8 *Ga.* 511; *Kirkley* v. *Sharp,* 98 *Ga.* 484, 487, 25 S. E. 562; *Wood* v. *Anderson,* 60 *Ga. App.* 262, 266, 3 S. E. 2d, 788; *Tabor* v. *Clifton,* supra); and the plaintiff has two years after such discovery in which to bring her action. *Colvin* v. *Warren,* 44 *Ga. App.* 825 (2) (163 S. E. 268); *Anderson* v. *Foster,* 112 *Ga.* 270, 273 (37 S. E. 426). Consequently, the court erred in sustaining the motion to dismiss. The claim for the alleged unauthorized operations on January 14 is not barred unless the jury should find that the action was not brought within two years from the discovery of the fraud or within two years from the time the plaintiff should have discovered the facts in the exercise of reasonable diligence. *McCranie* v. *Bank of .Willacoochee,* 29 *Ga. App.* 552 (3) (116 S. E. 202); *U. S. Fidelity & Guaranty Co.* v. *Toombs County,* 187 *Ga.* 544, 558 (1 S. E. 2d, 411).

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*