## 70328. NELSON v. PARROTT.
(333 SE2d 101)

BIRDSONG, Presiding Judge.

This is an action for medical malpractice for unwanted pregnancy, the allegation being that appellee Parrott negligently performed a sterilization procedure (tubal ligation) upon the plaintiff so that she subsequently endured an ectopic (tubal) pregnancy with resultant hospitalization and surgery, pain and suffering. From summary judgment to the defendant doctor, Nelson appeals. *Held*:

1. Summary judgment to the doctor was correct. An action for unwanted pregnancy because of failed sterilization has been recognized in Georgia (*Fulton-DeKalb Hosp. Auth. v. Graves*, 252 Ga. 441, 442-443 (314 SE2d 653)), but the plaintiff is still bound to the same proof as in other medical malpractice cases. The defendant doctor produced an expert affidavit and deposition evidence affirming that he exercised that degree of skill and learning ordinarily exercised and possessed by members of his profession generally and used reasonable care and diligence in the exercise of his best judgment. The plaintiff did not produce an affidavit or counter affidavit proving negligence as required to prevail against an affidavit of the defendant on summary judgment. *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45); see *Berman v. Rubin*, 138 Ga. App. 849, 853 (227 SE2d 802). This is not one of those cases where professional negligence is so apparent that expert testimony is unnecessary to establish a prima facie case of malpractice, as described in *Killingsworth v. Poon*, 167 Ga. App. 653 (307 SE2d 123). Evidence in the case indicates there is a known or expected failure rate of one to four cases per one thousand; moreover, the plaintiff signed a request for voluntary sterilization which clearly provides: "The operation has been explained to me, and I understand that this operation is *intended* to result in sterility, although *this result has not been guaranteed.*" (Emphasis supplied.) Under this evi-

dence, to escape summary judgment, the plaintiff must have produced expert evidence that Parrott was negligent in performing the surgery, and she did not do so.

2. We are unable to find a cause of action for breach of warranty in this case, if for no other reason than that the plaintiff's execution of the consent form quoted above proves the operation was not guaranteed as to sterility, and the plaintiff was well aware of that fact.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 6, 1985 —
REHEARING DENIED JULY 8, 1985 —

*O. Wayne Ellerbee*, for appellant.
*Wade H. Coleman*, for appellee.