## 73144. CUMMINGS v. DUDLEY.
(349 SE2d 543)

SOGNIER, Judge.

Cindy Cummings voluntarily dismissed a suit she brought against A. Gatewood Dudley, M.D., alleging medical malpractice and breach of warranty when she became pregnant after Dudley's performance of a bilateral tubal ligation, a sterilization operation. Dudley then filed an equitable petition seeking an order allowing him and an expert witness the right to attend and witness the performance of a second tubal ligation scheduled to be performed after the birth of Cummings' child. Cummings counterclaimed, reasserting the grounds in her original complaint. The trial court granted Dudley's petition and no appeal is made from the order resolving the equitable matter here. The trial court ruled in favor of Dudley's motion for summary judgment as to Cummings' counterclaim and it is from this order that Cummings appeals.

We affirm the trial court's grant of summary judgment in favor of appellee. Appellant contends she is entitled to recover from appellee because she reasonably relied on a statement made by appellee during a post-operation examination that as a result of the tubal ligation, she was sterile. Appellee denied he made such statement. Although questions of fact exist whether appellee made the statement and whether both parties to the alleged contract of express warranty understood and agreed to the same thing in order for the warranty to arise, see *Taratus v. Smith*, 245 Ga. 107 (263 SE2d 145) (1980), these issues are mooted by OCGA § 31-20-5 of the Georgia Voluntary Sterilization Act, Ga. L. 1970, pp. 683-688 (OCGA § 31-20-1 et seq.), which provides that "[w]hen an operation shall have been performed in compliance with this chapter, no physician duly licensed without restriction to practice medicine and surgery in this state . . . shall be liable civilly or criminally as a result of such operation or participation therein, except in the case of negligence in the performance of such operation. . . ." OCGA § 31-20-5 thus bars claims based on contract, *Shessel v. Gay*, 139 Ga. App. 429 (228 SE2d 361) (1976), and all other claims, civil or criminal, except one based on the negligent performance of the sterilization operation.

Appellant failed to produce any affidavits or counter affidavits to rebut affidavits submitted by appellee and his expert witness affirming that appellee exercised that degree of care and skill ordinarily exercised and possessed by the medical profession generally. Thus, it is uncontroverted that there was no negligence in the performance of the sterilization operation here, see *Nelson v. Parrott*, 175 Ga. App. 307 (1) (333 SE2d 101) (1985), and that the sterilization procedure was performed in full compliance with the Act. See *Shessel*, supra. Therefore, appellant's claim, whether based on contract or some other

negligence (as appellant argues), falls within the scope of OCGA § 31-20-5, and the trial court correctly granted summary judgment in favor of appellee. *Nelson, Shessel,* supra.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 14, 1986.

*Karen Leslie Smith, Tom W. Daniel,* for appellant.
*Carr G. Dodson,* for appellee.