76714, 76715. GOWEN v. CADY et al. (two cases).
76716. CADY et al. v. CRYOMEDICS, INC.
(376 SE2d 390)

SOGNIER, Judge.

Wanda Cady brought suit against James F. Gowen, M.D., Cryomedics, Inc. f/k/a Colmed, Ltd., and numerous others seeking damages stemming from her pregnancy after undergoing a voluntary sterilization procedure performed by Gowen using Bleier clips manufactured by Cryomedics. Her husband, Thomas Cady, joined her suit seeking damages for loss of consortium. In their complaint, the Cadys asserted in Count I a claim for medical malpractice against Gowen in the performance of the operation and in Count II a claim of battery for unauthorized operation in that Gowen allegedly disregarded Mrs. Cady's requested method of sterilization and instead utilized the Bleier clips. The trial court denied Gowen's motion for summary judgment as to the Count II battery claim and we granted his application for interlocutory appeal in Case No. 76714. The trial court granted Gowen's motion for summary judgment as to the Count I medical malpractice claim and the Cadys appeal therefrom in Case No. 76715. The Cadys also appeal in Case No. 76716 from the trial court's grant of summary judgment in favor of Cryomedics on their claim alleging breach of warranty.

1. In Case No. 76715, the trial court properly granted summary judgment to Gowen on Mrs. Cady's medical malpractice claim. Gowen submitted his affidavit as an expert affirming that all the treatment he rendered Mrs. Cady was performed with the skill and care required of physicians and surgeons generally under the same or similar circumstances and that at all times relevant to the care and treatment of Mrs. Cady he exercised that degree of skill and care required of physicians and surgeons generally, under the same or similar circumstances. Mrs. Cady "did not produce an affidavit or counter affidavit proving negligence as required to prevail against an affidavit of the defendant on summary judgment. [Cits.]" *Nelson v. Parrott*, 175 Ga. App. 307 (1) (333 SE2d 101) (1985). Nothing in *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200 (345 SE2d 904) (1986), cited by Mrs. Cady, required Gowen to elaborate further in his affidavit or mandates that we reverse the trial court's order on appeal.

2. The threshold issue to the Cadys' remaining claims against Gowen is whether they are barred by OCGA § 31-20-5 of the Georgia Voluntary Sterilization Act, OCGA § 31-20-1 et seq. As discussed by this court in *Dohn v. Lovell*, 187 Ga. App. 523 (370 SE2d 789) (1988),

the provision of OCGA § 31-20-5 exempting a physician from all civil liability and criminal prosecution in a voluntary sterilization situation, except for negligence in the performance of the sterilization procedure itself, applies only "[w]hen an operation shall have been performed in compliance with this chapter." OCGA § 31-20-5. In *Dohn* we addressed specifically the language in OCGA § 31-20-2, which provides that the physician must give "a full and reasonable medical explanation . . . as to the meaning and consequence of such operation." As we held in *Dohn*, this statutory language encompasses a requirement that " 'a full and reasonable medical explanation (be) given by [the] physician to [the] person [requesting sterilization] as to the *method* to be employed in such sterilization operation so that the patient will understand *how* his or her inability to have children will result.' " Id. at 525-526.

In the case sub judice, Mrs. Cady stated in her deposition that when she requested a sterilization procedure be performed on her, she specifically directed that her fallopian tubes be "clipped [as in 'cut'] and tied." She stated she did not know anything about Bleier clips at that time, and that Gowen did not tell her how he was going to perform the sterilization but merely responded to her request by saying, "Well, I think five kids is enough." Gowen does not controvert that Mrs. Cady made this request, nor does he assert that he informed her to the contrary that he would use Bleier clips. The operation was performed on June 24, 1983; Mrs. Cady first learned that "clamps," i.e., Bleier clips, had been used in the operation in September 1984 subsequent to her discovery of her pregnancy.

"On motion for summary judgment, the evidence, with all reasonable inferences therefrom, must be construed in the light most favorable to the non-moving party: here, Mrs. [Cady]. OCGA § 9-11-56." *Hallford v. Kelley*, 184 Ga. App. 90, 92 (360 SE2d 644) (1987). The record reveals that a question of fact exists whether Mrs. Cady's request that she be sterilized by having her tubes "clipped and tied" was a generic request for sterilization, as Gowen contends, or a request for a specific method of sterilization, as the Cadys assert. Since resolution of this question of fact determines whether Gowen performed the sterilization operation on Mrs. Cady in accordance with OCGA § 31-20-2 so as to be entitled to the exemption in OCGA § 31-20-5, under the authority of *Dohn*, supra, summary judgment as to this threshold issue was properly denied.

3. In Case No. 76714, Gowen contends the trial court erred by denying his motion for summary judgment on the basis that the Cadys' claims of battery and loss of consortium are barred by the statute of limitations.

We note initially that the trial court's order, as does Gowen's brief, indicates a misapprehension as to which statute of limitations is

applicable here. An operation performed without the consent of the patient constitutes a technical battery for which a physician may be held liable. *Bailey v. Belinfante*, 135 Ga. App. 574, 576 (218 SE2d 289) (1975). The statute of limitations for battery resulting from an unauthorized operation is the two-year statute of limitations for injuries to the person and the four-year statute of limitations for loss of consortium in OCGA § 9-3-33. *Breedlove v. Aiken*, 85 Ga. App. 719, 720 (70 SE2d 85) (1952). Thus, OCGA § 9-3-71, which governs medical malpractice causes of action, does not apply insofar as the Cadys' claims are concerned and, accordingly, it is not necessary to address the trial court's disregard of *Gillis v. Palmer*, 178 Ga. App. 608 (344 SE2d 446) (1986), since the trial court's discussion and evaluation of OCGA § 9-3-71 and *Shessel v. Stroup*, 253 Ga. 56 (316 SE2d 155) (1984) have no applicability to the issue at bar.

Turning to that issue, the record reveals that the sterilization procedure Mrs. Cady underwent was performed June 24, 1983. Suit was filed August 6, 1986. Thus, as to Mr. Cady's claim for loss of consortium, the record establishes it was timely brought within the four-year limitation period, OCGA § 9-3-33, and so as to Mr. Cady the trial court properly denied Gowen's motion for summary judgment.

As to Mrs. Cady's claim of battery, " '[c]oncealment per se amounts to actual fraud where for any reason one party has a right to expect full communication of the facts from another.' [Cits.] 'If the defendant, or those under whom he claims, [are guilty] of a fraud by which the plaintiff [has] been debarred or deterred from [bringing an] action, the period of limitation shall run only from the time of the [plaintiff's] discovery of the fraud.' [OCGA § 9-3-96.] Where there is, as here, a confidential relationship between physician and patient, and where the physician in performing an authorized operation goes beyond the contract and performs another operation, and where the patient does not know that the physician exceeded the contract, the concealment of the facts constitutes actual fraud and tolls the statute of limitations. [Cit.] The statute does not begin to run until the discovery of the fraud ([cits.]); and the plaintiff has two years after such discovery in which to bring her action. [Cits.]" *Breedlove*, supra at 720-721.

Mrs. Cady stated in her deposition that she first learned that Bleier clips had been used in the sterilization procedure on September 1, 1984. Although Gowen argues Mrs. Cady learned of her pregnancy in July 1984, that knowledge would only have alerted Mrs. Cady to the failure of the sterilization procedure, not to the unapproved use of Bleier clips by Gowen in the procedure. Thus, even assuming, arguendo, that Mrs. Cady did know she was pregnant in July 1984, the relevant date is not the date she discovered her pregnancy but the date she discovered Gowen had exceeded his authority by at-

tempting to sterilize her by means of an unapproved method. Therefore, because suit was filed within two years of Mrs. Cady's discovery of the unauthorized operation, the statute of limitations had not yet run, *Breedlove*, supra, and the trial court properly denied Gowen's motion for summary judgment on the battery claim.

4. In Case No. 76716, the Cadys appeal from the trial court's grant of summary judgment in favor of Cryomedics. Although Mrs. Cady's action against Cryomedics (and Mr. Cady's claim for loss of consortium deriving from his wife's injuries) was originally based on theories of negligence, negligence per se, strict liability and breach of warranty, the Cadys acknowledge in their brief before this court that the only viable claim remaining on which the trial court ruled was the breach of warranty claim and it is the only claim now before this court. As to that claim, Mrs. Cady alleged in the complaint that Cryomedics was liable to her as a result of its action in selling, distributing, and introducing into the stream of commerce the Bleier clip, a device which she alleged was "defective and unfit for the purpose intended." However, the complaint contains the admission, neither amended nor withdrawn, see generally *Martin v. Pierce*, 140 Ga. App. 897, 898-899 (1) (232 SE2d 170) (1977), that Cryomedics did not sell the Bleier clip to her but rather sold it to the Glynn-Brunswick Memorial Hospital Authority, which in turn sold the clip to Mrs. Cady.

" 'Generally, before a recovery may be had for breach of warranty, this state has recognized the necessity of privity between the parties where a plaintiff-purchaser of an article has been injured because of its alleged defectiveness and brings an action based on warranty. That is, if a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product. [Cits.]' [Cits.]" *Thomaston v. Ft. Wayne Pools*, 181 Ga. App. 541, 543 (352 SE2d 794) (1987). The evidence of record is uncontroverted that Cryomedics did not sell the Bleier clip in question to Mrs. Cady. "Nothing contained in OCGA § 11-2-318, which extends the seller's warranties to family members and guests in the buyer's home who may reasonably be expected to use the product and who are injured thereby, eliminates the requirement that the buyer and the defendant be in privity." Id. We therefore find no error in the trial court's grant of summary judgment in favor of Cryomedics on the Cadys' claim based on breach of warranty.

*Judgments affirmed. Carley, J., concurs. Deen, P. J., concurs in Divisions 1, 2 and 3 and in the judgment, and concurs dubitante in Division 4.*

Decided November 14, 1988 —
Rehearing denied December 5, 1988 — 

Dillard & Landers, Terry A. Dillard, Bryant H. Bower, Jr., for Gowen.
Robert M. McCartney, Charles M. Lamkin, for Cadys.
R. Clay Ratterree, Morton G. Forbes, for Cryomedics.