## A90A0026. DELJOU v. SHARP BOYLSTON MANAGEMENT COMPANY.
### (391 SE2d 27)

BIRDSONG, Judge.

This appeal concerns an order denying attorney fees under OCGA § 9-15-14 (a) to the prevailing party on an abusive litigation claim on which the judgment was $750.

Sharp Boylston Management Company (Sharp Boylston) filed a dispossessory action against Mehrdad Deljou (Deljou). Deljou answered denying the allegations of the dispossessory and counterclaimed against Sharp Boylston for abusive litigation.

Sharp Boylston dismissed the dispossessory, and subsequently a jury awarded Deljou $750. Although Deljou's motion for attorney fees was pending, the trial court entered judgment for Deljou, but did not make the findings necessary under OCGA § 9-11-54 (b) for a final judgment. Later, the trial court denied the motion for attorney fees because it found subsection (a) of OCGA § 9-15-14 inapplicable since it decided the dispossessory action was justified when filed and subsection (b) inapplicable since it determined attorney fees were not appropriate under the facts.

We granted Deljou's application for authority to appeal the denial of his motion for attorney fees under OCGA § 5-6-35 (a) (10) and he contends that his motion for attorney fees was erroneously denied because award of attorney fees under OCGA § 9-15-14 (a) is

mandatory when one prevails on an abusive litigation claim. *Held*:

Deljou's contention that jury verdicts awarding damages on abuse litigation claims under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414), require trial courts to award attorney fees and expenses of litigation under OCGA § 9-15-14 (a) is without merit. Although this section requires the award of attorney fees and litigation expenses (*Haggard v. Bd. of Regents of Univ. System*, 257 Ga. 524, 526 (360 SE2d 566)) upon a proper determination (OCGA § 9-15-14), the section does not mandate an award whenever a party prevails on an abusive litigation claim. OCGA § 9-15-14 (f) vests the trial court, without jury, with responsibility for determining whether an award should be made. *Ferguson v. City of Doraville*, 186 Ga. App. 430, 433 (367 SE2d 551), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119, fn. 8 (376 SE2d 861). Thus, the jury verdict awarding damages on Deljou's abusive litigation claim, even reduced to judgment, did not mandate the award of attorney fees. *Bouchard v. Fowler*, 193 Ga. App. 697 (388 SE2d 874) (1989). Accordingly, the trial court did not err by refusing to award attorney fees merely because Deljou prevailed on the abusive litigation claim.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1990.

*Calabro, Vogel & Jennette, Michael M. Calabro*, for appellant.

*Germano, Kimmey & Cheatwood, J. Steven Cheatwood*, for appellee.