*McCullers, Staff Attorney*, for appellee.

S92A0376. CITIZENS & SOUTHERN TRUST COMPANY v. TRUST COMPANY BANK et al.
(417 SE2d 148)

PER CURIAM.

This appeal is a continuation of the case we considered in *Trust Co. Bank v. C&S Trust Co.*, 260 Ga. 124 (390 SE2d 589) (1990). In our earlier opinion we held, inter alia, that C&S was entitled to summary judgment against Trust Company's interpleader action. Id. at 126-127 (2). On remand the superior court denied a motion by C&S for attorney fees and expenses pursuant to OCGA § 9-15-14 (a) and (b). After the Court of Appeals denied C&S' application for review, we granted C&S' petition for certiorari and its application.

We have reviewed the record and our earlier opinion in this case, and now conclude that the superior court erred in denying relief under § 9-15-14 (a). That subsection provides that

> reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

"The standard of review for this [sub]section is the 'any evidence rule.'" *Haggard v. Bd. of Regents*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

In this Court's earlier opinion, we found that the interpleader action was inappropriate because the claims of the defendants were not adverse. *Trust Co. Bank*, supra, 260 Ga. at 125 (1). Moreover, there is no evidence that the lack of adversity was not clear when Trust Company brought its interpleader action. Accordingly, we hold that Trust Company's conduct in bringing the action falls within the criteria of § 9-15-14 (a), and the superior court erred by ruling otherwise.[1] We reverse the judgment of the superior court, and remand for a determination of the appropriate amount of attorney fees and expenses to be awarded.

---

[1] We do not reach the question whether the superior court abused its discretion by denying relief pursuant to § 9-15-14 (b).

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JUNE 25, 1992.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.*, for appellant.

*King & Spalding, Stephanie E. Parker, Nolan C. Leake*, for appellees.