A94A1450. HYRE et al. v. DENISE.
A94A1451. PAXSON et al. v. DENISE.
A94A1508. DENISE v. PAXSON et al.
(449 SE2d 120)

BIRDSONG, Presiding Judge.

Geraldine Paxson purchased a condominium in 1976; she financed the property with a first mortgage pursuant to a deed to secure debt. In 1983, Paxson sold the property to Kimberly Denise; Denise was allowed to assume Paxson's first mortgage and Paxson took back a second mortgage on the property. The second mortgage was secured by a promissory note and a security deed (second security deed or second deed to secure debt). The second security deed was duly filed in the county deed book. At closing, Paxson executed a warranty deed in favor of Denise. The second security deed, as recorded, contained a due on sale clause prohibiting sale of the property by Denise to a third party without Paxson's written consent. Subsequently Denise, inter alia, sold the property to a third party, and in the process apparently requested that the purchaser not record the deed at that time. On November 2, 1990, attorney Hyre, representing Paxson, sent a letter to Denise advising her of the acceleration of the second mortgage due to non-payment and gave Denise notice of impending foreclosure. At that time, Denise failed to make the payments allegedly due on the second mortgage for October and November 1990. Thereafter, Denise attempted to tender the equivalent of one month's payment, which tender was rejected. On November 27, 1990, Hyre again wrote to Denise to notify her of her default on the second mortgage as a result of non-payment, the transfer of the property to the third-party purchasers, and the recordation of federal tax liens. (The Georgia Supreme Court subsequently determined that federal income tax liens were not liens giving rise to a default under the second deed to secure debt. *Denise v. Paxson,* 261 Ga. 846 (413 SE2d 433).) Paxson commenced a foreclosure action against Denise, claiming Denise had defaulted in various ways and had breached the due on sale clause of the second security deed. In December 1990, Denise filed a Chapter 13 bankruptcy proceeding; this action was voluntarily dismissed in February 1991. In January 1991 and April 1991, Hyre noti-

fied Denise of various alleged defaults and of the impending foreclosure of the property. Thereafter, Hyre on behalf of Paxson apparently rejected Denise's subsequent tender of only past due payments, as Denise had not tendered the full balance deemed due and owing. In the spring of 1991, Denise filed an action against Paxson and her counsel, Hyre, seeking to enjoin the foreclosure of the condominium. In the summer of 1991, Denise filed a second bankruptcy action thereby staying her suit for injunctive relief; this Chapter 13 proceeding subsequently was converted to a Chapter 7 proceeding. Foreclosure occurred in November 1991 after entry of an order of the Bankruptcy Court lifting automatic stay. Denise did not appeal the order of the Bankruptcy Court, which in effect allowed a foreclosure and, in February 1992, accepted a complete and total discharge in bankruptcy. On September 15, 1992, Denise amended her original complaint in an attempt to revive her earlier suit seeking injunctive relief. On May 12, 1993, Paxson et al. filed a motion to dismiss or in the alternative motion for summary judgment; summary judgment was granted in June 1993. On July 15, 1993, Denise filed notice appealing the grant of summary judgment. On July 30, 1993, Paxson et al. filed a motion for attorney fees and costs under OCGA § 9-15-14. This motion was denied in October 1993; Paxson et al. filed a notice of direct appeal of the denial of this motion on November 2, 1993. Apparently because of a belated payment of fees, Denise's notice of appeal of Case No. A94A1508 was not forwarded to this court until after the forwarding and docketing of the direct appeal of Case Nos. A94A1450 and A94A1451. *Held*:

### Case Nos. A94A1450, A94A1451 & A94A1508

1. A brief or an attachment thereto cannot be used as vehicle for adding evidence to the record. *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33). "Appellate courts will review only evidence presented to the trial court before its ruling on [a summary judgment] motion" (*Nowell v. Fain*, 174 Ga. App. 592, 593 (330 SE2d 741)); each party has a duty to present his case in full at the summary judgment hearing. *Coker v. Culter*, 208 Ga. App. 651, 652 (431 SE2d 443).

2. A grant of summary judgment must be affirmed if it is right for the wrong reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746).

### Case No. A94A1508

3. Pretermitting the issues of collateral estoppel, equitable estoppel or res judicata, regarding the foreclosure, is the question of

waiver. Denise, through the conduct of her bankruptcy counsel, in effect consented to the lifting of the automatic stay in the bankruptcy proceeding so that foreclosure on the property could proceed. Denise and her counsel did not attend the hearing to lift the stay and otherwise offered no opposition thereto. Further, Denise's counsel sent a letter to opposing counsel advising that "we will have no opposition to your Motion For Relief From Stay. . . . It is our understanding that a foreclosure on the real property in question will not occur prior to . . . November. We believe, however, that such a foreclosure will not be necessary due to the fact that Ms. Denise has a buyer for the property." Denise, by her voluntary conduct of raising no legal objections before the bankruptcy court as to the validity of subsequent foreclosure in opposition to the lifting of the automatic stay and consenting or acquiescing in the lifting of the stay, has waived her right to object to the subsequent foreclosure on grounds that it was not effected in accordance with Georgia law and the applicable provisions of the second deed to secure debt. A waiver may be established even though the acts, conduct or declarations are insufficient to establish an estoppel. Ordinarily, a waiver operates to preclude a subsequent assertion of the right waived *or any claim based thereon. Mauldin v. Weinstock*, 201 Ga. App. 514, 520 (4) (411 SE2d 370). A fine and often imperceptible line exists between an equitable estoppel and a waiver implied from conduct; and, a showing of prejudice to the other party appears to be the central requirement of waiver implied from conduct. Id. In this case, it is clear that the conduct of Denise, through her bankruptcy counsel, lulled appellee Paxson and her attorney into proceeding in state court with the foreclosure action and employing a trial strategy formulated on reliance that Denise was consenting thereto. "While normally the question of waiver is a matter for the jury, where, as here, the facts and circumstances essential to the waiver issue are clearly established waiver becomes a question of law." Id. Additionally, Denise could not suffer what she deems to be an injustice (invalid foreclosure procedure) during a judicial (bankruptcy) proceeding, hoping for an acceptable result, and then after such proceeding was concluded, first state her objections to the procedure followed. See *Bruce v. State*, 259 Ga. 798 (2b) (387 SE2d 886).

4. The trial court did not err in granting summary judgment as to Denise's claim of intentional infliction of emotional distress. The conduct at issue does not meet either the requisite standards of outrageous or egregious conduct or of severity within the meaning of *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703 (409 SE2d 835); *Moses v. Prudential Ins. Co.*, 187 Ga. App. 222, 225-226 (369 SE2d 541).

5. Pretermitting whether the statements made, which give rise to Denise's claims of slander, libel, and defamation, were otherwise ac-

tionable (see, e.g., *Haggard v. Shaw*, 100 Ga. App. 813 (112 SE2d 286); *Davis v. Gen. Finance &c. Corp.*, 80 Ga. App. 708 (57 SE2d 225)), is whether the publication of the foreclosure ad was privileged and therefore supported the grant of summary judgment as to these claims. OCGA § 51-5-7 (3) pertinently provides that communications are deemed privileged when made with a good faith intent to protect the speaker's interest in a matter in which he is concerned. While generally the issue whether privilege exists is for the jury, summary judgment is proper where defendant establishes as a matter of law that he made privileged statements. *Southern Business Machines v. Norwest Financial Leasing*, 194 Ga. App. 253, 260 (4) (390 SE2d 402). Examination of the record in toto reveals that, as a matter of law, the publication of the various foreclosure ads was privileged. Id.

6. As appellees met their burden under *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) as to Denise's claim for accounting, Denise could not rest on her pleadings, but must point to specific evidence giving rise to a triable issue as to this claim; that evidence must be timely presented before the trial court (see Division 1 above). Denise failed to meet her burden; the trial court did not err in granting summary judgment to appellees/defendants as to the claim for an accounting. Id. Also, Denise admitted in her deposition that she did not know whether a surplus existed after the property sale.

7. The trial court did not err in granting summary judgment in favor of appellees as to any claim of tortious interference of contract. See Division 3 above. Moreover, to prevail on such a claim it must be established that the defendant was a stranger to the contract. *Jefferson-Pilot Communications Co. v. Phoenix City Broadcasting, Ltd.*, 205 Ga. App. 57 (1) (421 SE2d 295). Paxson was not a stranger to the contract at issue. Further, we hold as a matter of first impression that an attorney who on behalf of a client asserts or prosecutes a claim arising from contractual rights and duties is *not* a stranger to such contract *within the limited meaning of Jefferson-Pilot,* supra, so that a claim of tortious interference will *not* lie against him or his partners. Any other holding ultimately could lead to a chilling of citizen's rights under Art. I, Sec. I, Par. XII, Ga. Const. 1983.

8. Denise alleges a wrongful dispossession but cites no legal authority in support of her contention; her sole argument is that if the foreclosure was wrongful any acts by appellees in removing her from the property were wrongful. However, Denise has waived her right to contest the foreclosure. See Division 3 above. Moreover, Denise concedes that subsequent to the sale of the property, Paxson filed a dispossessory action in DeKalb County against her; none of the records or transcripts before us reveals that any appeal was taken from the dispossessory judgment. See OCGA § 9-12-40.

9. The attorney for Paxson owed no contractual or statutory duty

to the opposing party, Denise, arising from any form of attorney-client relationship (see *Tarver v. Wills*, 174 Ga. App. 550 (1) (330 SE2d 896)), and the record is void of any specific evidence of fraud, malice of or intentional misconduct by Paxson's attorney. "In response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts to show that there is a genuine issue for trial." *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47). See also Divisions 1 through 8 above.

Additionally judicial estoppel existed as to any claims against appellees, Paxson and attorneys, arising from conduct occurring prior to the filing by Denise of the second bankruptcy petition and which were not listed as potential claims in her bankruptcy schedules. Compare *Southmark Corp. v. Trotter, Smith &c.*, 212 Ga. App. 454 (442 SE2d 265).

The trial court did not err in granting summary judgment against Denise on her claims that appellee attorneys wrongfully dispossessed Denise and engaged in tortious acts committed in furtherance of their partnership business.

We conclude that all of Denise's assertions in support of her nine enumerations of error are without merit.

### Case Nos. A94A1450 & A94A1451

10. Appellant Paxson and Hyre et al. contend, inter alia, the trial court erred as a matter of law in not granting their motions for attorney fees and expenses of litigation under OCGA § 9-15-14 (a), and by breaching its discretion in denying their motions for attorney fees under OCGA § 9-15-14 (b).

(a) A correct ruling by the trial court will not be reversed regardless of the reason given therefore. See *Nat. Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344).

(b) Inherent in a ruling of the trial court denying attorney fees under OCGA § 9-15-14 (a) is a determination that there does *not* exist such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. The standard for reviewing an OCGA § 9-15-14 (a) ruling is that of any evidence. *C & S Trust Co. v. Trust Co. Bank*, 262 Ga. 345 (417 SE2d 148). A prevailing party is not perforce entitled to an award of attorney fees under this statutory subsection. See *Deljou v. Sharp Boylston Mgmt. Co.*, 194 Ga. App. 505 (391 SE2d 27). Some evidence exists to support the trial court's denial of attorney fees under OCGA § 9-15-14 (a). Cf. *Ellis v. Johnson*, 263 Ga. 514, 516 (2) (435 SE2d 923).

(c) The standard for reviewing a denial of attorney fees under

OCGA § 9-15-14 (b) is that of breach of discretion. See *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723). In exercising judicial discretion whether to award attorney fees under OCGA § 9-15-14 (b), the trial court could consider as one factor whether the opposing party or opposing counsel also contributed to the unnecessary expansion of the proceeding by any relevant form of improper conduct. Notwithstanding, based on the record before us, we conclude appellants Paxson et al. failed to establish an abuse of discretion by the trial court in denying an award of attorney fees under OCGA § 9-15-14 (b).

*Judgments affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED SEPTEMBER 2, 1994 — 

*White, Smith, Howard & Ajax, John A. Howard, Brooks W. Binder III,* for Hyre.

*Macey, Wilensky, Cohen, Whittner & Kessler, Susan L. Howick,* for Paxson.

*Gerber & Gerber, Sanford J. Gerber,* for Denise.