A95A1726. BROWN v. KINSER et al.
(461 SE2d 564)

BIRDSONG, Presiding Judge.

This is a discretionary appeal of the order of the superior court denying appellant/defendant Lawrence C. Brown's motion for litigation costs and attorney fees.

This suit arises from a claim of malpractice. Appellees/plaintiffs, Larry and Barbara Kinser, entered into an agreement with defendant

Oakbrook Properties, Inc., to purchase certain residential real estate. A month later, defendants Oakbrook and Stephen K. Hill executed a security deed conveying the real estate as security to Reliance Heating and Air Conditioning, Inc., as security for a $5,000 debt. This deed was filed on February 26, 1988, but was not indexed until several days after February 29, 1988. Appellees, the Kinsers, obtained the services of a mortgage lender, Commonwealth Mortgage, Inc., who retained appellant Brown's firm, allegedly to represent its interests in the transfer of the property. Prior to closing on February 29, 1988, a representative of appellant Brown's firm, acting under appellant Brown's direction and supervision, searched the county deed records; no claims to title or exceptions to clear title were noted except as set forth in the title opinion. Title examination failed to reveal the security deed that was conveyed to Reliance. Appellant contends that title examination failed to reveal the security deed because it was not indexed until several days after closing, and that prior to indexing there exists no way for a title searcher to discover such an encumbrance. At closing, defendant Hill signed an owner's affidavit certifying that there was no indebtedness against the property and executed a warranty deed conveying the real estate to appellees. During closing, an attorney of defendant law firm gave appellees a brochure concerning title insurance; appellees elected to purchase title insurance and were issued an owner's policy on March 4, 1988. On March 6, 1992, appellees received a demand letter from the law firm representing Reliance; the letter notified appellees of Reliance's $5,000 security interest and demanded immediate loan repayment. When appellees attempted to contact their title insurance company they found the company was no longer in existence. On March 12, 1993, appellees filed suit against defendants Oakbrook, Hill, and Brown, individually and d/b/a Donner, Brown & Katz law firm. The complaint avers, inter alia, that appellant/defendant Brown committed malpractice with respect to the title examination of appellees' residence.

On April 14, 1993, appellant Brown sent appellees a frivolous litigation letter; notwithstanding this notice, appellees pursued their claim. Thereafter appellant Brown filed a motion for summary judgment; summary judgment was granted as to all claims asserted by appellees. Accordingly, judgment was entered in favor of appellant, and costs were cast against appellees. Appellant Brown then filed a motion for litigation costs and attorney fees, pursuant to OCGA § 9-15-14. The motion was denied.

Appellant filed an application for discretionary appeal. Application for discretionary appeal was granted "but only as to the limited issue whether the trial court erred in denying [appellant/defendant's] motion for litigation costs and attorney fees because there existed a complete absence of any justiciable issue, within the meaning of

OCGA § 9-15-14 (a), on the alleged grounds that the applicable statute of limitations had run without tolling as to plaintiffs' claim." *Held*:

1. OCGA § 9-15-14 (a) pertinently provides that "reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim . . . with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim." An applicant is not entitled to attorney fees merely because summary judgment was granted in his favor; grant of summary judgment does not per force result in an award of attorney fees for the prevailing party. *Hyre v. Denise*, 214 Ga. App. 552, 557 (10) (b) (449 SE2d 120); compare *Deljou v. Sharp Boyleston Mgmt. Co.*, 194 Ga. App. 505 (391 SE2d 27).

2. Appellant Brown specifically asserts that the trial court erred in denying his motion for attorney fees on the ground that there exists a complete absence of any justiciable issue because the statute of limitation had run without tolling. The standard for reviewing an OCGA § 9-15-14 (a) ruling is the any evidence standard. *Hyre v. Denise*, supra, citing *C & S Trust Co. v. Trust Co. Bank*, 262 Ga. 345 (417 SE2d 148). " '(N)otwithstanding the "any evidence" standard of review . . . , when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law.' [Cit.]" *Moore v. Harris*, 201 Ga. App. 248, 249 (1) (410 SE2d 804). This same principle should be applied when determining whether a trial court erred in denying a motion for litigation costs and attorney fees. Further, merely pursuing a course of litigation in good faith does not automatically insulate a plaintiff from a claim for litigation costs and attorney fees pursuant to OCGA § 9-15-14 (a). Id. at 250 (1).

Actions for legal malpractice averring negligence or unskillfulness are subject to the four-year statute of limitation in OCGA § 9-3-25, which commences to run from the date of the attorney's alleged wrongful act of negligence or unskillfulness. *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80 (456 SE2d 264); *Foster v. Cohen*, 203 Ga. App. 434, 436 (1) (417 SE2d 61). Appellees assert, inter alia, that appellant Brown committed legal malpractice by concealing the existence of Reliance's security interest and by issuing the title insurance policy thereby fraudulently representing that no such lien was attached to the property. Thus, the last wrongful act of negligence or unskillfulness, giving rise to the claim of legal malpractice, could have occurred no later than March 4, 1988, the date of issuance of the title insurance policy. Appellees filed their complaint

on March 12, 1993, over five years from the date of appellant Brown's last wrongful act of negligence or unskillfulness.

Appellees, citing OCGA § 9-3-26, concede that legal malpractice actions are subject to a four-year statute of limitation; however, they assert that the statute of limitation was tolled in this case by the actual fraud of appellant Brown (OCGA § 9-3-96), and accordingly, the statute of limitation did not commence to run until appellees discovered the fraud as a result of the notice letter, received on March 6, 1992, from the law firm representing Reliance.

In *Breedlove v. Aiken*, 85 Ga. App. 719, 720 (70 SE2d 85), a physician concealed from his patient that, in addition to performing an authorized operation, the physician also performed two other unauthorized operations upon the patient. In reversing the lower court's holding that the cause of action was barred by the statute of limitation, this court held: " 'Concealment per se amounts to actual fraud where for any reason one party has a right to expect full communications of the facts from another.' [Cit.] 'If the defendant . . . shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud.' [Cit.] Where there is . . . a confidential relationship between physician and patient, and where the physician in performing an authorized operation goes beyond the contract and performs another operation, and where the patient does not know that the physician exceeded the contract, the concealment of the facts constitutes actual fraud and tolls the statute of limitations. [Cit.] The statute does not begin to run until the discovery of the fraud. [Cits.]" *Breedlove*, supra at 720-721. *Breedlove* is factually distinguishable and therefore not controlling. In *Breedlove*, the evidence was compelling that the doctor was in fact aware of the unauthorized operations, and thus, the mere act of concealment gave rise to the commission of an actual fraud on his patient. In the case at bar, appellees concede they possess no evidence which would establish either that appellants were aware that a lien existed on the premises at the time of delivery of the title insurance policy or that they otherwise knowingly concealed the same. Tender of the title insurance policy did not constitute an act of actual fraud, as a matter of law, under the circumstances here attendant.

While in certain circumstances, the existence of a confidential relationship between the parties will lessen, if not negate, the necessity for a showing of actual fraud (*Arnall &c. v. Health Svc. Centers*, 197 Ga. App. 791, 793 (2) (399 SE2d 565)) even assuming arguendo a confidential relationship existed as to the title insurance transaction, this is not a case where the necessity for a showing of actual fraud is totally negated. While the law recognizes that " ' "[w]here a person sustains towards (another) a relation of trust and confidence, his silence when he should speak, or his failure to disclose what he ought to dis-

close, is as much a fraud in law as an actual affirmative false representation" ' " (id.), the circumstances attendant the confidential relationship must still be such as to enable the fiduciary to comply with a duty to speak and disclose. Although required to act in good faith, a fiduciary is not an absolute insurer as to the outcome of every act he performs in his client's behalf. We decline to conclude that under the attendant circumstances the necessity for showing actual fraud was totally negated merely by the alleged relationship of the parties.

OCGA § 9-3-96 provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." It was held in *Findley v. Davis*, 202 Ga. App. 332, 335 (2) (a) (414 SE2d 317), rev'd on other grounds, *Davis v. Findley*, 262 Ga. 612 (422 SE2d 859), that " ' "[t]he fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action." ' [Cit.] The only fraud that would toll the statute of limitation in the present action would be fraud actually preventing or deterring [appellees] from bringing suit for the [appellant's] alleged breach of duty in [fraudulent concealment of the existence of the security deed]." Accord *Hyman v. Jordan*, 201 Ga. App. 852, 854 (2) (412 SE2d 615). We find no existence in the record of any evidence that would support such a finding. Moreover, neither the opinion expressed as to the title search nor the issuance of an owner's policy of title insurance constituted an act of actual fraud. The issuance by appellant Brown of the owner's title insurance policy would constitute, at most, an implied expression of confidence in the legal sufficiency of the prior title search conducted by his law firm. We hold that mere express or implied statements as to the legal sufficiency of any legal documents prepared by appellant Brown's firm or issued by him "are not actionable as actual fraud nor designed to deter or debar [appellees] from bringing suit. Such expressions of opinion (as opposed to [known] obfuscating facts) are not sufficient to establish the fraud required to toll the statute of limitation pursuant to [OCGA § 9-3-96]. [Cits.] Fraud cannot consist of mere broken promises, unfilled predictions or erroneous conjecture as to future events." *Riddle v. Driebe*, 153 Ga. App. 276, 281 (265 SE2d 92).

As the record establishes, there exists no evidence giving rise to factual merit in appellees' claim that the statute of limitation was tolled due to fraud, and as there exists no justiciable issue of law as to such claim of tolling, we find that the trial court abused its discretion in denying appellant Brown's motion for attorney fees.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 23, 1995.

Wilson, Strickland & Benson, Warner R. Wilson, Jr., Sara L. Doyle, for appellant.
Garner & Still, Dennis T. Still, for appellees.