### A09A1304. JOHNSON v. REGIONS BANK et al.
(687 SE2d 906)

ADAMS, Judge.

Appellant William Randy Johnson filed suit in July 2003 against Regions Bank; Beck, Owen & Murray, individually and as agent for Regions Bank; Charles Jones, Esq., individually and as agent for Regions Bank; Ray Browning, Sr., individually;[1] and R. R. Browning Enterprises, Inc., alleging claims for fraud and misrepresentation, breach of contract, conspiracy, intentional interference with business relations, wrongful foreclosure and intentional infliction of emotional distress.[2] In April 2004, the trial court entered an order disqualifying Johnson's attorneys, finding that they were necessary and material witnesses to the case. Johnson continued to pursue the litigation pro se. The parties subsequently filed various motions, and on October 31, 2006 the trial court entered an order denying defendants' motions for summary judgment and motion to dismiss. This Court subsequently denied defendants' applications for interlocutory review of that order.

Johnson was then able to retain Max Benkel and Debra A. Rickles to represent him. A pre-trial hearing was scheduled for July 30, 2007, and the trial was specially set for the weeks of August 20 and 27.

At the hearing,[3] Rickles notified the court that on July 23, 2007, one of the defendants had sent her a notice of intent to pursue litigation expenses against counsel personally. As the hearing progressed, and after counsel had notified the trial court that she was streamlining the litigation and dismissing all of Johnson's claims except for fraud and conspiracy to commit fraud, counsel became increasingly concerned that she could no longer continue to represent Johnson because of the risk to her of personal liability for attorney fees. She indicated to the court that since she was certain

---

[1] Appellee Ray Browning, Sr., filed a suggestion of bankruptcy with this Court indicating that he filed a Chapter 7 bankruptcy proceeding. By order of this Court, we thus remanded the appeal insofar as it pertained to appellee Browning to the trial court until the stay is lifted. We agree with the remaining appellees that the automatic stay provisions do not extend to them. E.g., *In re Russell Corp.*, 156 BR 347, 350 (Bankr. N.D. Ga. 1993) (automatic stay not intended to protect third parties); see also *Seiko Epson Corp. v. Nu-Kote Intl.*, 190 F3d 1360, 1364 (Fed. Cir. 1999) (same).

[2] A detailed recitation of the facts is not necessary to our consideration of this appeal. Johnson's claims were based, inter alia, on allegations that the Bank wrongfully foreclosed on his property without giving him an opportunity to cure, that the Bank misrepresented the amount of equity of the property during Chapter 7 bankruptcy proceedings, resulting in the bankruptcy court lifting the automatic stay when it would not have done so had the true facts been revealed, and that the foreclosure proceedings themselves were irregularly conducted.

[3] Johnson did not attend the hearing; in his motion to extend time and for a continuance, he asserts that his absence was due to counsel's failure, despite repeated requests, to provide him with the date and time of the hearing.

YALE LAW LIBRARY

her client would not agree to dismiss his claims, and because of the perceived conflict, she saw no choice but to withdraw as counsel. The trial court indicated the case would not be continued past the August 20 trial date, even if Johnson were forced to proceed pro se. Following a telephone conference two days later between the trial judge, Johnson, Rickles and opposing counsel, Benkel and Rickles filed a motion to withdraw on August 2. The trial court granted the motion to withdraw on August 13.

At the time of the pre-trial hearing, there were pending motions in limine filed by the defendants seeking to exclude evidence that Regions Bank's counsel had made an affirmative false statement in prior bankruptcy proceedings that there was no equity in certain property, which is central to the claims here. The exclusion of this evidence would arguably be dispositive of Johnson's remaining claims for fraud and conspiracy to commit fraud. Johnson, now proceeding pro se, was instructed that he had to respond to those motions by August 13. On that date, which is the same date that the trial court granted the motion to withdraw, Johnson filed an objection to the withdrawal of counsel, a motion for extension of time to respond to the motions and a request that the case be continued to the next term to allow him time to retain new counsel. Johnson also filed a motion to amend the "proferred" [sic] pre-trial order and to schedule a new pre-trial hearing, arguing in part that "[c]ounsel trying a case should always be present at pretrial hearings" and requesting that the court schedule a new hearing so that either he or newly retained counsel could attend.

The next day, August 14, the trial court granted the motions in limine. In its order, the trial court noted that Johnson had been informed during the August 1 telephone conference that the motions were pending and that he had until August 13 to respond. The court further noted that Johnson had failed to cite to any legal grounds in opposition to the motion, instead requesting more time to either retain new counsel or respond to the motions pro se. Further, the trial court noted that the motions had been argued by Johnson's former counsel at the pre-trial hearing before she withdrew from the case. The trial court also reset the trial date until October 1 in order to allow the parties to re-evaluate the status of the case in light of the grant of the motions in limine.

Defendants then moved for summary judgment on the remaining fraud and conspiracy to commit fraud claims. The trial court entered an amended scheduling order, setting the summary judgment hearing for November 9, 2007 and setting the case as the number one back-up for trial the weeks of November 26, 2007 and December 3, 2007.

Johnson submitted the affidavit of an attorney who averred that

he had agreed to represent Johnson, provided the trial court would set aside the pre-trial order and grant a continuance to allow him more time to prepare. On January 8, 2008, the trial court granted summary judgment to defendants, dismissing Johnson's claim of fraud and the dependent claim of conspiracy to commit fraud. The trial court held:

> [T]his Court concludes that its August 14, 2007 Order granting the exclusion of evidence of alleged damages based on Defendant Regions Bank's contention to the Bankruptcy Court that there was no equity in the subject property negates any genuine issue of material fact. The Court also relies on Plaintiff's former counsel's statement at the pretrial conference that "[Plaintiff's] case rests on one issue, that there was an affirmative statement made to the Bankruptcy Court that there was no equity in the property."

Johnson filed this appeal, raising 38 enumerations of error. We find it unnecessary to reach all of his contentions, finding the following to be dispositive of this case.

1. In his motion to amend the "proferred" [sic] pre-trial order and to schedule a new pre-trial hearing, Johnson argued in part that "[c]ounsel trying a case should always be present at pretrial hearings" and requested that the trial court schedule a new pre-trial hearing so that either he or newly retained counsel could attend. Subject to certain conditions not applicable here, Uniform Superior Court Rule 7.1 states that "the pre-trial hearing shall be attended by the attorneys who will actually try the action. . . ." In this case, counsel made it plain during the hearing that she was operating under a conflict of interest and that she and her partner would have "no option" but to withdraw. She disclaimed her involvement in drafting the complaint throughout the hearing, and repeatedly stated that she would not be able to convince her client to dismiss his case. Despite this recognition, counsel dismissed all but two of Johnson's claims during the hearing. Thus, when the motion in limine which specifically sought to exclude the evidence that was at the heart of the remaining two claims was granted, the case was effectively over.

Moreover, we cannot ignore the backdrop of these proceedings. Johnson's original counsel had been disqualified based on the defendants' contention that they were necessary and material witnesses to the bankruptcy proceedings. Johnson was forced to proceed pro se and effectively withstood defendants' motions for summary judgment. This Court declined to grant interlocutory review of that

denial, and Johnson was able to retain counsel to represent him. Yet shortly before trial, defendants notified Johnson's counsel of their intent to seek litigation expenses against them personally. Based on this notice, Johnson's counsel determined that they had no choice but to withdraw from the case. At that time, the trial date was imminent and Johnson was forced to respond pro se to an outcome determinative motion in limine. Further, the binding nature of the pre-trial hearing arguably precluded Johnson from retaining additional counsel, as evidenced by the affidavit of an attorney who averred he would undertake to represent Johnson if the pre-trial order was stricken and a continuance was granted. Given the circumstances here, we find Johnson is entitled to have the pre-trial proceedings stricken.

2. Moreover, because we also find that the trial court erred by granting the motions in limine and summary judgment, the pre-trial proceedings were not rendered moot.

In *Hyre v. Paxson*, 214 Ga. App. 552 (449 SE2d 120) (1994), this Court found that the appellant, through the conduct of her bankruptcy counsel, in effect consented to the lifting of the stay in the bankruptcy proceeding by not attending the hearing to lift the stay and otherwise offering no opposition to those proceedings; in fact, counsel in that case sent a letter to opposing counsel advising that they had no such opposition. Id. at 554 (3). Relying on *Hyre*, the trial court in this case found that Johnson's

> failure to file an objection to Regions Bank's Motion to Lift Stay in conjunction with [Johnson's] withdrawal of his subsequently filed Motion to Set Aside or Vacate the Order of the Bankruptcy Court Lifting the Stay constitutes a waiver of [Johnson's] right to contest the amount of equity in the property foreclosed upon.

However, as we further noted in *Hyre* "normally[,] the question of waiver is a matter for the jury" unless, as was the situation in that case, "the facts and circumstances essential to the waiver issue are clearly established." Id.

In this case, Johnson alleged that he was relying on fraudulent statements made by the Bank's counsel that she would withdraw the motion to lift the stay and the Bank would reaffirm the debt. Further, Johnson contended that he withdrew the motion to set aside or vacate the order of the bankruptcy court lifting the stay because the property had already been foreclosed upon and sold on the courthouse steps. Otherwise, Johnson contended, he would have fought the motion to lift the stay "tooth and nail." Thus, this case is distinguishable from *Hyre* in which the plaintiff voluntarily acqui-

esced to the lifting of the stay as a strategic ploy which did not work. The facts and circumstances demonstrating waiver were not clearly established here and the trial court thus erred by granting the motions in limine. As a result of that error, the trial court also erred by granting summary judgment to the defendants on Johnson's claims for fraud and conspiracy to commit fraud.

*Judgment reversed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 24, 2009 —
RECONSIDERATIONS DENIED DECEMBER 10, 2009 — 

William R. Johnson, *pro se*.
*Stewart, Melvin & Frost, J. Douglas Stewart, Mark W. Alexander, Tisinger Vance, Richard G. Tisinger, Jr.,* for appellees.