# Court of Appeals
# of the State of Georgia

ATLANTA,   June 20, 2012

*The Court of Appeals hereby passes the following order:*

**A12A0120. FARMERS & MERCHANTS BANK v. BREE et al.**
**A12A0121. GMAC MORTGAGE, LLC v. BREE et al.**
**A12A0122.  BREE et al. v. FARMERS & MERCHANTS BANK et al.**

We granted the applications for interlocutory appeal in these three related cases arising from an alleged wrongful foreclosure on property owned by Brian J. Bree and Cynthia D. Bree ("the Brees") and subject to security deeds held by GMAC Mortgage, LLC ("GMAC") as the senior lienholder and Farmers & Merchants Bank (F&M) as the junior lienholder. The Brees also allege that GMAC and F&M are jointly liable for conversion, defamation, emotional distress, and under the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act. The trial court denied all the parties' motions for summary judgment.

On May 23, 2012, GMAC filed a Notice of Bankruptcy pursuant to 11 USC §362 (a) (1) in each of the three pending appeals. These appeals, to the extent they concern GMAC, therefore "must be stayed pending disposition of the bankruptcy proceedings." *Harkleroad & Hermance, P.C. v. Stringer*, 220 Ga. App. 906, 907 (1) (472 SE2d 308) (1996). And because the appellate courts in this state are

constitutionally required to dispose of every case at the term of court for which it is entered on the court's docket for hearing or at the next term of court, 1983 Ga. Const. Art VI, Sec. IX, Par. II, this court does not have the power to stay a case on appeal and must remand until the automatic stay is lifted.

Ordinarily, parties other than GMAC are not entitled to the protection of the automatic stay under §362. Id.; *Johnson v. Regions Bank*, 301 Ga. App. 520 n.1 (687 SE2d 906) (2009). But in such cases, we were able to rule on the contentions of the remaining parties without considering those of the debtor in bankruptcy. See id. (co-defendant debtor in bankruptcy not involved in procedural matters considered on appeal); *Harkleroad & Hermance*, supra, 220 Ga. App. at 907 (claim could proceed against defendant attorneys for litigation strategy violating OCGA § 9-15-14, despite bankruptcy of client); *Hoffman v. AC&S, Inc.*, 248 Ga. App. 608 (1) (548 SE2d 379) (2001) (claim could proceed against asbestos manufacturers not in bankruptcy on issue of plaintiff's exposure to their products).

In contrast, here the rights and obligations of F&M are intertwined with and dependent upon those of GMAC, as they arise in large part from GMAC's loan documents. Moreover, the Brees allege that GMAC and F&M conspired together to deprive them of their property. Thus any decision as to F&M must necessarily involve a decision as to the merits of GMAC's contentions, which we may not make. "Although a stay as to one co-defendant does not always require its application to

other co-defendants, it is obvious here, where [the co-defendant's] liability is derivative of the liability of [the debtor in bankruptcy], that the allegations against them arose from the same factual and legal basis, and were inextricably interwoven." (Citation and punctuation omitted.) *Strauss Fuchs Organization v. La Fitte Investments*, 177 Ga. App. 891, 895 (3) (341 SE2d 873) (1986).

Accordingly, the Clerk of this court is directed to remove these appeals from the appellate docket and, without prejudice to any party, REMAND them to the trial court until the stay of proceedings is lifted. Any party or parties may re-initiate the appeal of this case by timely refiling a new Notice of Appeal within 30 days of the bankruptcy court's order lifting the stay. See *Hoffman*, supra, 248 Ga. App. at 609 (1); *DCA Architects v. American Bldg. Consultants*, 203 Ga. App. 598, 599-600 (1) (417 SE2d 386) (1992).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 06/20/2012
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*