555 So.2d 1282 (1990)
INTERGRAPH CORPORATION, Appellant/Cross-Appellee,
v.
John E. STEARMAN and John E. Stearman, P.A., Appellees/Cross-Appellants.
John E. STEARMAN and John E. Stearman, P.A., Appellants,
v.
William A. HESSINGER, Appellee.
Nos. 88-01826, 88-01843 & 88-02294.
District Court of Appeal of Florida, Second District.
January 5, 1990.
Rehearing Denied February 2, 1990.
*1283 William F. McGowan, Jr., and Sylvia H. Walbolt of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant/cross-appellee Intergraph Corp.
G. Donovan Conwell, Jr. of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellees/cross-appellants and appellants John E. Stearman and John E. Stearman, P.A.
No appearance, for appellee William A. Hessinger.
PER CURIAM.
By these consolidated appeals and a cross-appeal, we are asked to review a final judgment against Intergraph Corporation awarding compensatory and punitive damages to John E. Stearman and John E. Stearman, P.A., in a suit brought by them for misrepresentation and breach of warranties with respect to the capabilities of a computer system sold by Intergraph to John E. Stearman.
We find that the award of compensatory damages to Stearman P.A. in the amount of $34,000 for breach of express warranties cannot stand because there was a complete absence of privity between Stearman P.A. and the seller of the computer system, Intergraph. Privity is required in order to recover damages from the seller of a product for breach of express or implied warranties. Brown v. Hall, 221 So.2d 454 (Fla. 2d DCA 1969). See also Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp., 500 So.2d 688 (Fla. 3d DCA 1987), approved, Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla. 1988).
Accordingly, we reverse that part of the final judgment awarding compensatory damages to John E. Stearman, P.A., in the amount of $34,000 for breach of express warranties. We affirm as to all other issues raised by these appeals and the cross-appeal.
Reversed in part and affirmed in part.
DANAHY, A.C.J., and SCHOONOVER and PARKER, JJ., concur.