637 So.2d 968 (1994)
SPOLSKI GENERAL CONTRACTOR, INC., Appellant,
v.
JETT-AIRE CORP. AVIATION MANAGEMENT OF CENTRAL FLORIDA, INC., et al., Appellees.
No. 93-458.
District Court of Appeal of Florida, Fifth District.
June 3, 1994.
*969 Margaret A. Wharton, Oviedo, for appellant.
Patrick C. Crowell, Orlando, for appellees, Benjamin Moore & Co., and Senkarik Glass & Paint Co., Inc.
No appearance for appellees, Jett-Aire Corp. Aviation Management of Central Florida, Inc.
THOMPSON, Judge.
Appellant Spolski General Contractor, Inc. ("Spolski") timely appeals a grant of final summary judgment and judgment on the pleadings for appellee Benjamin Moore & Co. ("Moore") and a grant of summary final judgment for appellee Senkarik Glass & Paint Co. ("Senkarik"). We affirm the final summary judgment and judgment on the pleadings as to Moore and reverse the final summary judgment as to Senkarik.
Spolski is a general contractor who entered into a contract to build an airport hangar and attached offices for Jett-Aire Corporate Aviation Management of Central Florida, Inc. ("Jett-Aire"). Spolski purchased Chex-Wear Modified Epoxy Enamel from Senkarik to paint the hangar floor. The paint was manufactured by Moore. Spolski had used this paint before on a similar project, called the Miracle Industries project, and had experienced no problems with it. Spolski consulted Senkarik regarding the use of this paint for the Miracle Industries project and Senkarik sent a representative from Moore to inspect the floor to ensure its surface was properly prepared for the paint to be applied. This consultation occurred more than one year before the Jett-Aire project. Spolski consulted Senkarik regarding the suitability of this paint for the Jett-Aire project after the contract already called for this paint. Senkarik indicated it knew of "no adversities" to its use. Spolski applied the paint using the same specifications prescribed in the Miracle Industries project, however, in the Miracle Industries project the concrete was allowed to cure 102 days before beginning the acid etching process to prepare the floor for painting and in the Jett-Aire project the concrete was allowed to cure 57 days before beginning this process. Within one year, the paint began peeling off the floor during normal use and when water was left standing on the floor.
Jett-Aire filed a complaint against Spolski for damages caused by the peeling paint. Spolski filed a third party complaint against Moore and Senkarik alleging breach of express warranties, breach of implied warranties of merchantability, breach of implied warranties of fitness and indemnification. Jett-Aire moved for summary judgment and Moore and Senkarik moved for judgment on the pleadings and for summary judgment. Several continuances were granted between the time the complaint was filed and the hearing on Moore and Senkarik's motions. At the hearing on these motions, Moore and Senkarik argued there was privity of contract between Spolski and Senkarik, but not Spolski and Moore. Moore and Senkarik also argued Spolski alleged nothing regarding any kind of agency between Spolski and Moore or Moore and Senkarik and made no allegations to evade the privity requirements. Spolski argued there was privity between Moore and Spolski, there were both express and implied warranties, there was evidence supporting an agency theory, there was no proof the paint was not properly applied and there was indemnity. The trial court granted judgment on the pleadings and final summary judgment as to Moore and final summary judgment as to Senkarik. Spolski appeals this order.
Spolski argues three issues on appeal. First, Spolski argues the judgment on the pleadings should not have been granted as to Moore and the final summary judgment should not have been granted as to Moore and Senkarik. To grant a judgment on the pleadings the trial court must find that, based upon the pleadings, the recipient is entitled to judgment as a matter of law. E.g., Farag v. Nat'l Databank Subscriptions, Inc., 448 So.2d 1098, 1100 (Fla. 2d DCA 1984). In order to grant a summary judgment, there must be no genuine issue of *970 material fact and the recipient must be entitled to judgment as a matter of law. Fla. R.Civ.P. 1.510(c). The test for reversal of a summary judgment is whether issues of fact exist and the slightest doubt remains. Fletcher v. Petman Enter., Inc., 324 So.2d 135, 136 (Fla. 3d DCA 1975). Judgment on the pleadings and final summary judgment were properly granted for Moore because there was no sale from Moore to Spolski, no privity between Spolski and Moore, no contract between Spolski and Moore, no reliance by Spolski on any warranty, no warranty given to Spolski, and no indemnity because there was no relationship between Spolski and Moore on the Jett-Aire project. No issues of fact exist and no doubt remains as to Moore. We affirm the judgment on the pleadings and final summary judgment granted for Moore. Final summary judgment, however, was not properly granted for Senkarik. Given the relationship between Spolski and Senkarik, Senkarik has admitted privity with Spolski, issues of fact exist and doubt remains as to whether there is some new or existing theory under which Spolski could prove a cause of action against Senkarik. We reverse the final summary judgment as to Senkarik.
Second, Spolski argues the trial court erred in denying a continuance of the hearing on the motions for summary judgment and judgment on the pleadings so that Spolski could produce expert evidence on the product defect. The decision to grant a continuance in a summary judgment hearing is discretionary with the trial judge. See Fla. R.Civ.P. 1.510(f) (indicating a judge "may order a continuance"). Appellate courts will not disturb orders of lower courts in the exercise of their judicial discretion unless an abuse of discretion is clearly shown. E.g., Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So.2d 307, 311 (Fla. 1956). The trial court must be upheld if correct for any reason. Terry v. Conway Land, Inc., 508 So.2d 401, 403 (Fla. 5th DCA 1987), approved, 542 So.2d 362 (Fla. 1989). It is not necessary to grant a new trial where the parties had ample time to conduct discovery and obtain experts based on the trial court's granting continuances for expert disclosure. Sun Bank/North Florida, N.A. v. Edmunds, 624 So.2d 753 (Fla. 1st DCA 1993), review denied, 634 So.2d 623 (Fla. 1994). There were several continuances granted in this case and it appears Spolski had ample time to secure an expert. In the instant case, there was no showing the trial court abused its discretion. Therefore, we affirm the trial court's denial of Spolski's motion for continuance as to both Moore and Senkarik.
Third, Spolski argues the trial court erred in not allowing Spolski the opportunity to amend the pleadings prior to entering the judgment on the pleadings and the final summary judgment. Leave to amend should be freely given, the more so when a party seeks such a privilege at a hearing on a summary judgment motion and when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought. Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137, 141 (Fla. 3d DCA 1977). Spolski should not be given leave to amend the pleadings as to Moore because there is no relationship between Spolski and Moore and no theory under which Spolski could assert a claim against Moore. Judgment on the pleadings and summary judgment was properly granted as to Moore. Spolski should, however, be given leave to amend the pleadings if there is any new or existing theory upon which Spolski could assert a cause of action against Senkarik because there clearly was a relationship between Spolski and Senkarik. We affirm the trial court's denial of leave to amend as to Moore, but reverse and remand as to Senkarik granting Spolski leave to amend the pleadings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
PETERSON, J., concurs.
W. SHARP, J., concurs in part; dissents in part, with opinion.
W. SHARP, Judge, concurring in part, dissenting in part.
I agree no cause of action was stated as to Moore as the record currently stands and that summary judgment was improperly granted as to Senkarik. Since Spolski *971 bought the peeling paint from Senkarik, privity of contract existed between them. Summary judgment in favor of Senkarik is thus precluded by material issues of fact concerning breach of contract and express and implied warranties.
However, the record indicates Spolski may be able to amend its pleadings to establish that Senkarik acted as Moore's agent and thus the latter could also be liable for breach of warranty claims. Since we are reversing and remanding as to Senkarik and expressly allowing Spolski a chance to amend its pleadings as to Senkarik, I would allow Spolski an opportunity to amend its pleadings to state a cause of action against Moore, in the interest of justice and even-handedness.