**T.W.M. and S.M., Plaintiffs,**

v.

**AMERICAN MEDICAL SYSTEMS, INC., Defendant.**

**No. 95–30107–RV.**

United States District Court,
N.D. Florida,
Pensacola Division.

April 19, 1995.

 

Samuel W. Bearman, Cetti, McGraw, Bearman & Williams, Pensacola, FL, for plaintiffs.

Gordon James, III, Conrad, Scherer, James & Jenne, Fort Lauderdale, FL and Robert P. Gaines, Beggs & Lane, Pensacola, FL, for defendant.

## ORDER

VINSON, District Judge.

Pending is the motion of defendant American Medical Systems, Inc. ("A.M.S.") to dismiss Counts II, III, IV, VI, and VII of the complaint for failure to state a claim upon which relief can be granted, and to strike the demand for punitive damages. (doc. 4).

## I. BACKGROUND

The following factual allegations are all contained in the complaint. Prior to January 1990, plaintiff T.W.M. was impotent. During January 1990, T.W.M. had a penile implant surgically placed into his genitalia. The implant was manufactured by defendant A.M.S. The device implanted into T.W.M. was defec-tive at the time of implantation due to negligent design, assembling, or manufacturing. By March 1992, the implant cylinders had eroded into the urethra, and as a result, the implant had to be removed in March 1992. As a result of the failure of the penile prosthesis, T.W.M. has suffered bodily injury resulting in past and future medical expenses, loss of earnings, pain and suffering, mental anguish, and loss capacity for the enjoyment of life. Plaintiff S.M, T.W.M's wife, has suffered the loss of his consortium.

The plaintiffs filed this seven-count complaint on January 4, 1995, in the Circuit Court in and for Escambia County, Florida. Count I alleges negligent design and manufacture; Count II alleges breach of implied warranty of merchantability; Count III alleges breach of implied warranty of fitness for a particular purpose; Count IV alleges breach of express warranty; Count V alleges strict liability; Count VI alleges a violation of the Florida Deceptive and Unfair Trade Practices Act; and Count VII alleges violation of the Florida Food, Drug, Cosmetic, and Household Products Act. All seven counts demand compensatory and punitive damages.

The defendant timely removed the case to this court, and has now moved to dismiss Counts II, III, IV, VI, and VII of the complaint for failure to state a cause of action upon which relief may be granted, and to strike the demand for punitive damages from all counts of the complaint. The plaintiffs have not responded to the motion, which alone may be grounds for granting the motion. *See* Local Rule 7.1(C) (eff. April 1, 1995) (formerly Local Rule 6(C)).

## II. ANALYSIS

### A. *Motion To Dismiss.*

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. *See, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Blackston v. State of Alabama,* 30 F.3d 117, 120 (11th Cir.1994). On a motion to dismiss, the court must accept all the

alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. *See, e.g., Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1483 (11th Cir.1994). However, regardless of the alleged facts, Rule 12(b)(6) does authorize a court to dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1992).

The defendant raises a number of grounds in support of its motion to dismiss. I will address each of these in turn. In this diversity jurisdiction case, Florida law applies with respect to each of them.

## B. *Breach of Warranty.*

■ Counts II alleges breach of an implied warranty of merchantability. Count III alleges breach of an implied warranty of fitness for a particular purpose. Count IV alleges breach of an express warranty. The law of Florida is that to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant. *Kramer v. Piper Aircraft Corp.,* 520 So.2d 37 (Fla.1988); *West v. Caterpillar Tractor Co.,* 336 So.2d 80 (Fla. 1976). "Privity is required in order to recover damages from the seller of a product for breach of express or implied warranties." *Intergraph Corp. v. Stearman,* 555 So.2d 1282, 1283 (Fla. 2d DCA 1990). "A warranty, whether express or implied, is fundamentally a contract. A contract cause of action requires privity." *Elizabeth N. v. Riverside Group, Inc.,* 585 So.2d 376, 378 (Fla. 1st DCA 1991). *See also Spolski General Contractor, Inc. v. Jett–Aire Corp. Aviation Management of Central Fla., Inc.,* 637 So.2d 968, 970 (Fla. 5th DCA 1994).

■ Plaintiffs' warranty claims in Counts II, III, and IV are all brought under Florida's version of Article 2 (Sales) of the Uniform Commercial Code. Ch. 672, *Fla. Stat.* (1993). A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant. 1 White & Summers, *Uniform Commercial Code* § 11–2, at 528 (3rd ed. 1988). The complaint does not allege that the plain-

tiffs purchased the penile implant directly from the defendant, or that they contracted with the defendant. Because the complaint does not allege privity of contract, it fails to state a cause of action for breach of express or implied warranties under Chapter 672, Florida Statutes. Further, the complaint fails to allege the essential elements of a breach of either an implied warranty of merchantability or an implied warranty of fitness for a particular purpose. Accordingly, the defendant's motion to dismiss Counts II, III, and IV of the complaint is GRANTED, and they are DISMISSED.

## C. *Florida Deceptive and Unfair Trade Practices Act.*

■ Count VI alleges that the defendant's actions violated Florida's Deceptive and Unfair Trade Practices Act [§§ 501.201–501.213, *Fla.Stat.* (1993)]. Count VI alleges that "plaintiff T.M.W. suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care, and treatment, loss of earnings, loss of ability to earn money," and that "plaintiff S.M. suffered the loss of service, aid, comfort, and society of her husband." In short, plaintiff seeks damages in this Court for personal injuries. Since the Act explicitly states that it does not apply to "[a] claim for personal injury or death or a claim for damage to property other than the property that is the subject of the consumer transaction" [§ 501.212(3) *Fla.Stat.* (1993)], the defendant's motion to dismiss Count VI is GRANTED, and it is DISMISSED.

## D. *Florida Drug and Cosmetics Act.*

■ Count VII alleges that the defendant violated Florida's Drug and Cosmetics Act [§§ 499.001–499.081, *Fla.Stat.* (1993)]. The defendant argues that the plaintiffs, as private citizens, do not have standing to pursue a remedy under the Act, since the Act contains no provision for a private cause of action.

The question, then, is whether the Act should be construed as creating an implied private cause of action. The Supreme Court

of Florida has held that "legislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered in determining whether a cause of action exists when a statute does not expressly provide for one." *Murthy v. N. Sinha Corp.,* 644 So.2d 983, 985 (Fla.1994). "In general, a statute that does not purport to establish civil liability, but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing civil liability." *Id.* (citations omitted).

The stated purpose of the Florida Drug and Cosmetic Act is to: "[s]afeguard the public health and promote the public welfare by protecting the public from injury by product use ... involving drugs, devices, and cosmetics." § 499.002(1), *Fla.Stat.* (1993). Section 499.004 charges the Department of Health and Rehabilitative Services with administration and enforcement of the Act. The Department is given the authority to impose administrative fines, and to maintain an action in the name of the state for injunction or other process to enforce the provisions of the Act. § 499.066(2), (3), *Fla.Stat.* (1993). Legislative intent, as evidenced by the language and structure of the Act, does not support the conclusion that the Florida Drug and Cosmetic Act impliedly provides a private cause of action. Therefore, the defendant's motion to dismiss Count VII of the complaint is GRANTED, and it is DISMISSED.

### E. *Punitive Damages.*

 Finally, the defendant has moved to strike the plaintiffs' demand for punitive damages contained in all counts of the complaint on the grounds that the plaintiffs have not complied with Florida's requirements for punitive damages. Specifically, Section 768.72, Florida Statutes (1993), provides:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. . . .

The statute's meaning is no longer in question. "By its clear terms, the statute requires the [plaintiff] to make a showing by proffer or through evidence in the record that some reasonable basis exists to support recovery of punitive damages before the trial court permits a pleading requesting such damages." *Wolper Ross Ingham & Co. v. Liedman,* 544 So.2d 307, 308 (Fla. 3d DCA 1989).

The plaintiffs have not identified anything in the record, nor have they alleged factual matters, that would support an award of punitive damages under the law of Florida. Instead, the complaint contains only a legally insufficient conclusory allegation that the defendant acted "deliberately and maliciously and was guilty of wanton disregard of the rights of the Plaintiff." *See Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537 (S.D.Fla.1989). Accordingly, the motion to strike the demand for punitive damages for failure to comply with Section 768.72 is GRANTED, and it is STRUCK from all counts of the complaint.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is GRANTED. Counts II, III, IV, VI, and VII of the complaint are DISMISSED in their entirety, and the demand for punitive damages is STRUCK from the remaining counts of the complaint.

DONE AND ORDERED.