[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10466
Non-Argument Calendar

_____

D.C. Docket No. 02-00328-CV-CAR-5

ROBERT C. GILL, MERLE A. GILL,
M.R.G. ENTERPRISE, LLC,

Plaintiffs-Appellees,

versus

BLUE BIRD BODY COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 17, 2005)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Pursuant to a jury verdict, the district court entered judgment against

appellant Blue Bird Body Company ("Blue Bird") for $100,000 on appellees'

breach of warranty claims, which related to a motor home manufactured by Blue Bird. As the prevailing party, appellees were subsequently awarded attorneys' fees. Blue Bird appeals, arguing that it is entitled to judgment as a matter of law. Specifically, Blue Bird argues that (i) appellees failed to present evidence concerning the market value of the motor home at the time it was delivered to them – evidence necessary for a damages calculation; and (ii) because appellees were not buyers or consumers of the motor home, they are not entitled to the warranty's protections. Because the district court erred as a matter of law in concluding that appellees could recover on their implied warranty claims, we reverse.

## BACKGROUND

Robert Gill and Merle Gill ("the Gills") purchased a new motor home from Blue Bird in 1999, with a purchase price of $588,500.00.[1] At the time of purchase, Blue Bird introduced the Gills to an attorney who could assist them in forming a limited liability corporation to hold title to the motor home, an arrangement that would yield tax benefits. With counsel's assistance, the Gills established M.R.G. Enterprise, LLC, an Oregon corporation ("M.R.G. Oregon"),

---

[1]Though the record reveals that the sticker price was $650,000.00, the Gills succeeded in negotiating the ultimate purchase price down to $588,500.00.

to which title to the motor home passed at the time of purchase. While the purchase agreement and retail sales contract listed the Gills as buyers or co-buyers of the motor home, there is no dispute that at the time of sale, title to the motor home passed to M.R.G. Oregon. In 2002, M.R.G. Oregon then transferred title to the motor home to a Montana corporation, also named M.R.G. Enterprise LLC ("M.R.G. Montana"). M.R.G. Oregon was then dissolved prior to the commencement of this suit. In short, the Gills never held title to the motor home.

Following their purchase, the Gills experienced a litany of mechanical and electrical problems with the motor home. The Gills repeatedly presented the motor home to Blue Bird, and the company attempted repairs. However, several recurrent problems remained unrepaired.

Unsatisfied with their purchase, the Gills ultimately filed suit against Blue Bird and the motor home dealer, alleging numerous claims under Georgia law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (2005). In a motion for summary judgment, Blue Bird argued in relevant part that the Gills lacked the power to enforce any implied warranty claims, because privity existed only between Blue Bird and M.R.G. Oregon, not between the Blue Bird and the Gills. While the Gills responded that material issues of fact existed as to their ability to enforce the implied warranties, they also moved to add M.R.G. Montana (then-

3

holder of title to the motor home) as a party plaintiff, pursuant to Fed. R. Civ. P. 21. Though the district court held that the Gills could enforce the warranty standing alone, it granted the motion, adding M.R.G. Montana as a party-plaintiff. The district court later ruled that the addition of M.R.G. Montana as a party-plaintiff rendered moot any argument that the appellees lacked power to enforce the warranty.[2]

Four of appellants' claims were ultimately tried before a jury: (i) breach of express warranty, under O.C.G.A. § 11-2-103; (ii) breach of implied warranty of merchantability, under O.C.G.A. § 11-2-104; (iii) breach of written warranty, under 15 U.S.C. § 2310(d); and (iv) breach of implied warranty, also under 15 U.S.C. § 2310(d).

At the close of the appellees' case, Blue Bird moved for judgment as a matter of law on several grounds, including the arguments now before this court concerning appellees' evidence of damages and their power to bring an implied

_____

[2]As explained below, the district court's ruling on this matter conflates M.R.G. Oregon with M.R.G. Montana. The district court's order denying Blue Bird summary judgment erroneously states that M.R.G. Oregon was added as a party plaintiff, when in fact M.R.G. Montana was added. M.R.G. Oregon was the party to whom title was originally transferred when the motor home was sold. M.R.G. Oregon then subsequently transferred title to M.R.G. Montana in March 2002. By September 11, 2002, the date on which the Gills filed suit, M.R.G. Montana held title to the motor home, and M.R.G. Oregon had been dissolved.

warranty claim.  Blue Bird renewed that motion at the close of the evidence.  At both points, the district court denied the motion.

In addition to submitting to the jury questions concerning Blue Bird's substantive liability and the amount of any damages, the district court submitted to the jury the issue of whether appellees constituted "consumers" under 15 U.S.C. § 2301(3), for the purposes of their Moss-Magnuson claims.[3]  The jury responded that appellees did qualify as "consumers."  The jury further concluded that Blue Bird had breached its implied warranty of merchantability, and awarded the appellees $100,000 in damages.  After the district court entered judgment in appellees' favor, Blue Bird again renewed its motion for judgment as a matter of law, pursuant to Rule 50(b), while appellees moved for an award of attorney's fees as prevailing party under 15 U.S.C. 2310(d)(2).

The district court denied Blue Bird's Rule 50(b) motion.  In its order, the district court found that there was sufficient evidence presented to the jury to support their measure of damages for the motor home.  The district court also rejected Blue Bird's arguments that the appellees were not entitled to enforce any

_____

[3]The district court did not submit to the jury the question of appellees' status as "buyers" under O.C.G.A. § 11-2-103.  Rather, as discussed in the preceding footnote, the district court's summary judgment order ruled that any such arguments were mooted by the addition of M.R.G. Montana as a party plaintiff.

implied warranties, finding that "the jury had adequate evidence presented to them to conclude that [appellees] were persons who bought the motor home for the purposes of their Georgia and Magnuson-Moss claims."  Blue Bird timely appealed.

## STANDARD OF REVIEW

We review de novo a district court's denial of a defendants' renewed motion for judgment as a matter of law.  Combs v. Plantation Patterns Meadowcroft, Inc., 106 F.3d 1519, 1526 (1997).  While we review sufficiency of the evidence questions to determine whether or not reasonable jurors could have concluded as this jury did based on the evidence presented, questions of law presented by such motions remain subject to de novo review.  Morro v. City of Birmingham, 117 F.3d 508, 513 (11th Cir. 1997).

## DISCUSSION

Under Georgia law, a warranty of merchantability is implied in any sale of goods or contract for the sale of goods.  O.C.G.A § 11-2-314.  Because this warranty arises from the sale of goods, it runs only to a buyer who is in privity of contract with the seller.  Chaffin v. Atlanta Coca-Cola Bottling Co., 194 S.E.2d 513, 515 (Ga. Ct. App. 1973).  The Georgia Commercial Code defines a buyer as "a person who buys or contracts to buy goods", and defines a sale as "the passing

6

of title from buyer to seller for a price." O.C.G.A. § 11-2-103; § 11-2-106(1).

The protections of the implied warranty thus extend only to the buyer of the goods

and certain members of her household.[4] As such, Georgia courts have repeatedly

held that where a plaintiff lacks contractual privity with a manufacturer, he cannot

bring an implied warranty claim against that manufacturer. See Bodymasters

Sports Indus. v. Wimberley, 501 S.E.2d 556, 561 (Ga. Ct. App. 1998); Gowen v.

Cady, 376 S.E.2d 390, 393 (Ga. Ct. App. 1988); see also, Whitaker v. Harvell-

Kilgore Corp., 418 F.2d 1010, 1016-17 (5th Cir. 1969). Furthermore, Georgia's

implied warranties for goods do not pass to a second or subsequent purchaser, and

may be enforced only by the *original* buyer, who stands in privity of contract with

the seller-defendant. Stewart v. Gainesville Glass Co., 206 S.E.2d 857, 859-60

(Ga. Ct. App. 1974) (holding that liability under an implied warranty does not

extend beyond the first purchaser), aff'd, 212 S.E.2d 377 (Ga. 1975); Lamb v.

Georgia-Pacific Corp., 392 S.E.2d 307, 309 (Ga. Ct. App. 1990) ("If a defendant is

not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser

---

[4]By statute, Georgia has extended the benefits of implied warranties to certain members of a buyer's family and guests in her household. See O.C.G.A. § 11-2-318. These exceptions are not relevant here, and Georgia courts have made clear that these statutory exceptions do not otherwise eliminate the requirement of privity between the buyer and the defendant. See Ellis v. Rich's, Inc., 212 S.E.2d 373, 376 (Ga. 1975); Thomaston v. Ft. Wayne Pools, Inc., 352 S.E.2d 794, 796 (Ga. Ct. App. 1987).

7

cannot recover on the implied or express warranty, if any, arising out of the prior sale by the defendant to the original purchaser.").

Similarly, while the appellees' Magnuson-Moss claims constitute a separate federal cause of action for breach of an implied warranty, 15 U.S.C. § 2310(d)(1), courts must look to the relevant state law to determine the meaning and creation of any implied warranty. See 15 U.S.C. § 2301(7) ("The term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product."). Importantly, courts have uniformly held that Magnuson-Moss does nothing to alter or modify state law privity requirements. The question of whether privity is required thus hinges entirely on applicable state law. See Voelker v. Porche Cars N. Am., Inc., 353 F.3d 516, 525 (7th Cir. 2003); Walsh v. Ford Motor Co., 807 F.2d 1000, 1011 (D.C. Cir. 1986) ("[U]nder the terms of Magnuson-Moss, state law governs the existence and basic meaning of implied warranties."); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 249 (2d. Cir. 1986) ("Both the statutory language and the legislative history, therefore, indicate that Congress [in enacting Magnuson-Moss] did not intend to supplant state law with regard to privity in the case of implied warranties."); Carlson v. Gen. Motors Corp., 883 F.2d .287, 291-92 (4th Cir. 1989). In relevant part, state law thus controls appellees' implied warranty Magnuson-Moss claims.

The foregoing makes clear that the district court erred in denying Blue Bird's motion for judgment as a matter of law. There can be no dispute that the Gills never stood in privity with Blue Bird. While the district court focused on certain documents in which the Gills were listed as "buyers" and on Blue Bird's conduct in treating the Gills as buyers, these factors have no bearing on whether the Gills stood in privity with Blue Bird under Georgia law. The implied warranty of merchantability arises out of a sale of goods or contract for sale of goods, and runs only to a buyer who is in privity of contract with the seller. Chaffin, 194 S.E.2d at 515. Because O.C.G.A. § 11-2-106(1) dictates that a "sale" turns on the passing of title, on any ancillary documents or course of dealing, the undisputed fact that title to the motor home never passed to the Gills is determinative. Because the Gills never stood in privity with Blue Bird, they have no cause of action against Blue Bird for breach of implied warranty.

Nor does M.R.G. Montana have a cause of action to enforce any breach of the implied warranty. Though the district court opined that the addition of M.R.G. Montana as a party plaintiff mooted any arguments regarding appellees' ability to pursue implied warranty claims, the district court conflated M.R.G. Montana and M.R.G. Oregon, failing to account for the significance that Georgia law places on the distinction between the two entities. M.R.G. Oregon was the original entity to

9

whom title to the motor home was transferred at the time of sale. M.R.G. Oregon then held the title until March 2002, when it transferred title to M.R.G. Montana. M.R.G. Oregon was then dissolved. As such, though M.R.G. Montana held title to the motor home at the time this action was filed, M.R.G. Montana never stood in privity with Blue Bird. Moreover, under Georgia law, implied warranties on personal property such as the motor home do not run with the chattel: they do not pass to a subsequent or second purchaser. Stewart, 206 S.E.2d at 859-60; Lamb, 392 S.E.2d at 309. M.R.G. Montana thus fell outside of the implied warranty's terms, and lacked ability to recover damages for its breach. Although the motor home was certainly subject to the law of implied warranty, it was M.R.G. Oregon, the original title holder, that would have been the proper party to enforce such a warranty.

Finally, because appellees' Magnuson-Moss claims turn on Georgia implied warranty law, appellees' lack of privity similarly defeats their federal claims. See 15 U.S.C. § 2301(7). This is notwithstanding the jury's determination that the appellees were "consumers" within the meaning of 15 U.S.C. § 2301(3). Nothing in Magnuson-Moss displaces substantive state law privity requirements governing implied warranty claims. Voelker, 353 F.3d at 525; Walsh, 807 F.2d at 1011; Abraham, 795 F.2d at 249.

10

Because the appellant's arguments regarding the appellees' ability to enforce the implied warranty are dispositive, we need not address their alternative arguments on appellees' damages evidence. However, because the jury's liability verdict must be set aside, so must the district court's award of attorney's fees. Accordingly, Blue Bird is entitled to judgment as a matter of law, and the case is remanded to the district court with instructions to enter judgment for Blue Bird on appellees' implied warranty claims.

**REVERSED; REMANDED.**