Brian **FIELDS**, Plaintiff,

v.

**MYLAN PHARMACEUTICALS, INC., et al.,** Defendants.

Case No. 4:08–cv–484/RS/WCS.

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 11, 2009.

B. Kristian W. Rasmussen, Cory Watson Crowder etc, Birmingham, AL, for Plaintiff.

Clem C. Trischler, Jr., Pietragallo Gordon Alfano Bosick Etc, Pittsburgh, PA, William E. Whitney, Dunlap & Shipman PA, Tallahassee, FL, for Defendants.

### ORDER

RICHARD SMOAK, District Judge.

Before me are Defendants' Partial Motion to Dismiss (Doc. 6) and Plaintiff's Memorandum of Law in Opposition (Doc. 11).

### I. Background

Plaintiff alleges that he was injured after taking a generic drug manufactured by Defendants. The drug, phenytoin, is an FDA-approved drug prescribed for the treatment of epilepsy and seizure disorders. After using the medication on August 21, 2004, Plaintiff claims that he developed a rash and was ultimately diagnosed with Stevens–Johnson Syndrome and/or toxic epidermal necrolysis.

In an eight-count complaint, Plaintiff alleges that Defendants were negligent, in breach of warranty, fraudulently misrepresented and concealed, violated Florida's Unfair Trade Practices and Consumer Protection laws, and are strictly liable.

Defendants have moved for partial dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted as to Counts III (breach of warranty), IV (violation of Florida's Unfair Trade Practices and Consumer Protection Laws), and VIII (punitive damages).

### II. Analysis

**A. Rule 12(b)(6) Standard of Dismissal for Failure to State a Claim**

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11 th Cir.1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed.R.Civ.P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511, 122 S.Ct. 992 (quoting *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir.2003).

■ Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief. *Twombly*, 127 S.Ct. at 1964–66 (citations omitted). A plausible entitlement to relief exists when the allegations in the complaint traverse the

thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Id.* at 1966, n. 5. In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 1964–65 (citations omitted).

## B. Application

### Count III:

■■■ In Count III, Plaintiff alleges that Defendants breached an express or implied warranty. Under Florida law, the plaintiff must be in privity of contract to recover under theories of breach of express or implied warranties. *T.W.M v. Am. Med. Sys., Inc.,* 886 F.Supp. 842, 844 (N.D.Fla.1995) (citing *Kramer v. Piper Aircraft Corp.,* 520 So.2d 37 (Fla.1988); *West v. Caterpillar Tractor Co.,* 336 So.2d 80 (Fla.1976)). "A plaintiff who purchases a product but does not buy it directly from the defendant, is not in privity with that defendant." *T.W.M.,* 886 F.Supp. at 844 (citing White & Summers, *Uniform Commercial Code* § 11–2, at 528 (3rd ed. 1988)). Plaintiff's complaint does not allege that Plaintiff purchased the prescription drug directly from Defendants or that he contracted with Defendants. Because the complaint does not allege privity of contract, it fails to state a cause of action for breach of express or implied warranties.

In his memorandum, Plaintiff does not address the merits of this count. Defendants' motion as it pertains to Count III is granted.

### Count IV:

In Count IV, Plaintiff alleges that Defendants violated Florida's Unfair Trade Practices and Consumer Protection laws. While Plaintiff does not cite the laws that Defendants allegedly violated, Plaintiff must be attempting to assert claims under the Florida Drug and Cosmetic Act, Fla. Stat. §§ 499.001–499.081, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213. Neither Act provides for a private right of action by Plaintiff, however. *See T.W.M.,* 886 F.Supp. at 844–45.

One of the stated purposes of the Florida Drug and Cosmetic Act is to "[s]afeguard the public health and promote the public welfare by protecting the public from injury by product use and by merchandising deceit involving drugs, devices, and cosmetics." Fla. Stat. § 499.002(1)(a)(2008). Section 499.002 provides that the Florida Department of Health "shall administer and enforce [§§ 499.001–499.081] to prevent fraud, adulteration, misbranding, or false advertising in the preparation, manufacture, repackaging, or distribution of drugs, devices, and cosmetics." Fla. Stat. § 499.002 (2008). The penalties and remedies section of the Act provides the Department of Health and Rehabilitative Services with the authority to seek injunctions, impose administrative fines, and issue emergency orders for violations of the Act. Fla. Stat. § 499.066 (2008). Nowhere does the Act state that it provides for a private cause of action by an individual, and Plaintiff has provided no authority supporting implication of such private cause of action.

In this suit, Plaintiff seeks damages for personal injuries. However, the Florida Deceptive and Unfair Trade Practices Act does not apply to "[a] claim for personal injury or death...." Fla. Stat. § 501.212(3)(2008).

In his memorandum, Plaintiff does not address the merits of this count. Plaintiff's claims under the Florida Drug and Cosmetic Act and the Florida Deceptive and Unfair Trade Practices Act are dismissed.

**Count VIII:**

■ In Count VIII, Plaintiff seeks punitive damages against Defendants. Defendants claim that Plaintiff fails to set forth any factual basis for the recovery of punitive damages under Florida law. Merely setting forth conclusory allegations in a complaint is insufficient to entitle a claimant to recover punitive damages. *T.W.M.*, 886 F.Supp. at 845. Florida law requires a plaintiff to plead specific acts of the defendant that justify a punitive damage award. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir.2001) (citing *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537, 1542–43 (S.D.Fla.1989)). In his complaint, Plaintiff includes nine paragraphs of specifically plead facts related to Defendants' alleged actions. These nine paragraphs provide sufficient detail to allow Plaintiff's claim for punitive damages to survive dismissal at this stage in the proceedings.

Defendants' motion as it pertains to Count VIII is denied.

### III. Conclusion

Defendants' Partial Motion to Dismiss (Doc. 6) is **GRANTED as to Counts III and IV and DENIED as to Count VIII.**